United States District Court
Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8      AUNDREA BATTE,                           Case No. 17-cv-06410-CRB

9                    Plaintiff,

10          v.                                  **ORDER GRANTING MOTION TO
                                                STRIKE REQUEST FOR JURY
11     SOUTHWEST AIRLINES,                       TRIAL [DKT. 11] AND DENYING
                                                MOTION FOR JURY TRIAL [DKT.
12                   Defendant.                  13]**

13          The parties have filed two motions regarding a late-filed jury demand by Plaintiff

14   Aundrea Batte ("Batte").  Defendant Southwest Airlines ("Southwest") moves to strike the

15   demand, while Batte moves the Court to, in its discretion, order a jury trial despite the late-

16   filed demand.  Because Batte's failure to make a timely demand was based on a good-faith

17   mistake of law, the Court lacks discretion to order a jury trial.  Accordingly, it DENIES

18   Batte's motion and GRANTS Southwest's.

19          In cases that have been removed from state court, a party demanding a jury trial

20   must serve and file the demand within 14 days of serving or being served with the notice

21   of removal.  See Fed. R. Civ. P. 38(b) & 81(C)(3)(b).  The district court has some

22   discretion to order a jury trial even in the absence of a proper demand, Fed. R. Civ. P.

23   39(b), but this discretion is narrow, Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd., 239

24   F.3d 1000, 1002 (9th Cir. 2001).  Where a party has failed to make a timely demand, the

25   court may only order a jury trial if that failure was based on "some cause beyond mere

26   inadvertence."  Id.  The court has no discretion to do so where the failure was due to a

27   party's inadvertence, oversight, or good-faith mistake of law.  Id. at 1002–03.

28          Batte concedes that she did not serve and file her demand within 14 days of being

1  served with Southwest's notice of removal.  Pl.'s Opp. (dkt. 12) at 4.  She argues,

2  however, that the Court has discretion to order a jury trial because she reasonably relied on

3  Southwest's representation that it would agree to "stay all discovery and case deadlines"

4  for a time.  See Eaton-May Decl. Ex. B (dkt. 13-2) at 16.  It is unclear whether

5  Southwest's representation contemplated the deadline for demanding a jury trial.  But this

6  is of no moment, because the parties do not have the power to unilaterally extend the

7  deadline for making a jury demand.  See Fed. R. Civ. P. 38(b) & 81(C)(3)(b); Civ. L.R.

8  6-1.  In other words, Batte's late demand was based on a good-faith mistake of law.

9  Accordingly, the Court lacks discretion to order a jury trial.  See Pac. Fisheries Corp., 239

10  F.3d at 1002–03.

11          Southwest's motion to strike the late-filed jury demand is **GRANTED**.  Batte's

12  motion for jury trial is **DENIED**.

13          **IT IS SO ORDERED.**

14          Dated:  Feb. 9, 2018

          _____
          CHARLES R. BREYER
15          United States District Judge